| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 2:10-CR-54 |
| | ) | |
| MICHAEL GAY and | ) | |
| ANTON CLEMONS | | |

## <u>O R D E R</u>

The defendant Anton Clemons has filed a number of pretrial motions which have been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. A hearing was held on September 15, 2010.

## MOTION TO STRIKE (DOC. 15)

The Indictment identifies this defendant as "ANTON CLEMONS a/k/a "Donald." He asks that the language "a/k/a 'Donald'" be stricken because nothing in the discovery furnished to him, including copies of recorded conversations, refer to him as "Donald."

The United States' response asserts that defendant was known to the confidential informant and the police as "Donald," and that defendant routinely answered to that appellation.

This is a matter for cross examination, not for pretrial disposition. Fortunately, nothing about the name "Donald" is remotely prejudicial, unlike some nicknames that this court routinely sees.

The motion to strike is DENIED.

**MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPTS (DOC. 16)**

The Grand Jury transcripts of course are *Jencks* Act material, and this court is powerless to order the United States to deliver *Jencks* Act material to a defendant any earlier than the act itself requires. *See, e.g., United States v. United States v. United States v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988), 844 F.2d 1275, 1283 (6th Cir. 1988),* 844 F.2d 1275, 1283 (6th Cir. 1988).

Assistant United States Attorney Whittemore nevertheless offered in open court to furnish the *Jencks* Act material a week before trial in an effort to avoid mid-trial recesses and other delays. The court notes its appreciation to Assistant United States Attorney Whittemore for his offer.

Defendant's motion is DENIED.

**MOTION TO PROHIBIT THE GOVERNMENT'S USE OF "OTHER CRIMES, WRONGS OR ACTS" (DOC. 17)**

The subject of this motion is cell phone pictures of cash and a firearm.

Assistant United States Attorney Whittemore advised that the prosecution does not intend to use these photographs as part of its proof-in-chief, although it very well might use this evidence as part of its cross examination of defendant or as rebuttal evidence, depending upon the evidence presented by defendant.

In light of the United States' response as noted above, defendant's motion essentially is MOOT.

**MOTION TO SUPPRESS DIALOG BETWEEN CONFIDENTIAL INFORMANT AND AGENTS (DOC. 18)**

Although this is a motion to suppress normally requiring a report and recommendation, in light of the United States' response to the motion it is appropriate to address it by this order.

The defendant has been furnished copies of various audio recordings, some of which is the confidential informant either talking to himself or to a law enforcement officer. It is these "editorial comments," as it were, that defendant argues should be suppressed on the basis that they are violative of the Confrontation Clause.

Assistant United States Attorney Whittemore agreed that those statements would not be introduced into evidence, and he further stated that such statements would be carefully redacted or excised from all audio recordings (or written transcripts, if applicable) before being presented to the jury. This representation renders the motion MOOT.

**MOTION TO SUPPRESS LABORATORY REPORT (DOC. 19)**
**SECOND MOTION TO SUPPRESS LABORATORY REPORT (DOC. 20)**
**THIRD MOTION TO SUPPRESS LABORATORY REPORT (DOC. 21)**

Although styled as motions to suppress, in practical effect they are motions *in limine* and therefore will be addressed as such by this order.

Each of the motions concern the laboratory report provided by the United States to defendant. The first motion to suppress (Doc. 19) complains that the copy furnished to him was missing page 2 (of 2). That problem was addressed by Assistant United States Attorney Whittemore after the filing of the motion, and defendant now has the second page. The first

motion to suppress, (Doc. 19) is now MOOT.

The second motion to suppress, (Doc. 20), complains that the laboratory report[1] simply recited that the cocaine base weighed 14.2 grams *in the aggregate*. Defendant is charged with three separate crack cocaine offenses: Count 1 alleges that on April 28, 2010, defendant distributed "a quantity" of crack cocaine, i.e., something less than 5 grams; Count 2 charges him with possessing 5 or more grams on April 29 with the intent to distribute it; and Count 3 charges him with distributing less than 5 grams on April 29. Therefore, so defendant argues, both he and the jury must be made aware of the weights of crack cocaine with reference to each of the three offenses.

Assistant United States Attorney Whittemore advised that three separate samples of crack cocaine in fact were weighed by the lab technician or chemist. The laboratory simply reported the total weight of all three samples. After discussion, Assistant United States Attorney Whittemore advised that he would procure a supplemental laboratory report that specified the individual weights of the three samples or containers of crack cocaine and furnish that promptly to defense counsel. As a result, defendant's second motion, Doc. 20, is MOOT.

Defendant's third motion to suppress, (Doc. 21), is slightly more complicated. When these defendants were arrested, a quantity of marijuana was seized from their vehicle. Specifically, as the laboratory analysis reflects, one marijuana cigarette, and 14.6 grams of

---

[1]Filed as Ex. 1 to the hearing.

marijuana, were seized.  Noting that he has not been charged with any offense regarding marijuana, defendant asks that there be no reference to marijuana during the trial of this case, including the reference in the laboratory report.

The marijuana cigarette obviously was for the personal use of one or both of these defendants.  The real issue concerns the 14.6 grams of marijuana, which equates to approximately one-half ounce.  The case agent, who attended the hearing, candidly advised the court that one-half ounce of marijuana could be either for personal use or for distribution, that "it could go either way."  His statement, coupled with the lack of any charge in the indictment regarding marijuana, raises the question of relevancy under F.R.E. 402, 403, and 404(b).

The court invited the attorneys to submit supplemental briefs.  While awaiting the United States' brief,  Assistant United States Attorney Whittemore left a voice mail message for the magistrate judge that he had elected not to use evidence of the marijuana as part of his proof-in-chief.  In light of that representation, this motion, Doc. 21, is MOOT.

SO  ORDERED:


_____ s/ Dennis H. Inman _____
United States Magistrate Judge